Loan No. ▓▓▓▓▓

Investor Loan No: ▓▓▓▓▓

# LOAN MODIFICATION AGREEMENT
## (Mortgage)

**IF THE LOAN MODIFICATION AGREEMENT MUST BE RECORDED, TWO ORIGINAL LOAN MODIFICATION AGREEMENTS MUST BE EXECUTED BY THE BORROWER: ONE ORIGINAL IS TO BE FILED WITH THE NOTE AND ONE ORIGINAL IS TO BE RECORDED IN THE LAND RECORDS WHERE THE SECURITY INSTRUMENT IS RECORDED**

This Loan Modification Agreement (the "Agreement"), made and effective this 25th day of July, 2020, between U.S. BANK N.A. ("Lender") and DANIEL ATKINS AND SARA ATKINS ("Borrower"), modifies and amends certain terms of Borrower's indebtedness evidenced by (1) the Note (the "Note") to Lender dated the 17th day of October, 2011, in the original principal sum of U.S. $281,800.00 and secured by (2) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") and Rider(s), if any, dated the same date as the Note and recorded on October 27, 2011 in Book or Liber 13172, at pages 01657 (or as Instrument No. 2011092127), of the Official Records [Name of Records] of Montgomery, PENNSYLVANIA [County and State, or other Jurisdiction]. The Security Instrument covers the real and personal property described in the Security Instrument and defined as the "Property", located at:

145 ROCK GLEN RD, WYNNEWOOD, PA 19096
*[Property Address]*

In consideration of the mutual promises and agreements exchanged, Lender and Borrower agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. **Current Balance.** As of July 1, 2020, the amount payable under the Note and Security Instrument (the "New Principal Balance") is U.S. $245,759.23. $0.00 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $245,759.23.

2. **Interest Rate.** The current interest rate remains unchanged. Borrower promises to pay the Interest Bearing Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of 6.100%, beginning July 1, 2020, both before and after any default described in the Note. The yearly rate of 6.100% will remain in effect until principal and interest is paid in full.

3. **Monthly Payments and Maturity Date.** Borrower promises to make monthly payments of principal and interest of U.S. $1,690.30, beginning on the 1st day of August, 2020, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on August 1, 2042, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification Agreement, the Borrower will pay these amounts in full on the Maturity Date.

4. **Place of Payment.** Borrower must make the monthly payments at 4801 FREDERICA ST.



OWENSBORO, KY 42301 or such other place as Lender may require.

5. **Partial Payments.** Borrower may make a full prepayment or partial prepayments without paying any prepayment charge. Lender will use the prepayments to reduce the amount of principal that Borrower owes under the Note. However, Lender may apply the prepayment to the accrued and unpaid interest on the prepayment amount before applying the prepayment to reduce the principal amount of the Note. If Borrower makes a partial prepayment, there will be no changes in the due dates or the amount of the monthly payments unless Lender agrees in writing to those changes.

6. **Property Transfer.** If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 of the Security Instrument, within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

7. **Compliance with Covenants.** Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

8. Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except where otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

In Witness Whereof, Lender and Borrower have executed this Agreement.

_____    Date: 7/31/2020
Borrower - DANIEL ATKINS

_____    Date: 7/31/2020
Borrower - SARA ATKINS

Case 16-14113-mdc    Doc 94-2    Filed 10/07/20    Entered 10/07/20 09:38:01    Desc
Exhibit    Page 3 of 10

Case 16-14113-mdc    Doc 88-3    Filed 08/20/20    Entered 08/20/20 19:58:59    Desc
Exhibit A    Loan Mod Agreement    Page 4 of 11

ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
U.S. BANK N.A.

By: *Leona A Hendrix*
-Lender

8/11/2020
Date of Lender's Signature

Leona A. Hendrix
Mortgage Document Officer

Loan Modification Agreement—(FHLMC Deferment)    Page 3 of 3    Form 5161 03/04
40029MU 07/19

Date: July 25, 2020
Loan Number: ▮▮▮▮▮

Lender: U.S. BANK N.A.
Borrower: DANIEL ATKINS AND SARA ATKINS
Property Address: 145 ROCK GLEN RD, WYNNEWOOD, PA 19096

# ERRORS AND OMISSION COMPLIANCE AGREEMENT

In consideration of. U.S. BANK N.A.

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period, will result in the lender adjusting the modified terms without the borrowers consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____    Date: 7/31/2020
Borrower - DANIEL ATKINS

_____    Date: 7/31/2020
Borrower - SARA ATKINS

---

Errors and Omission Compliance Agreements
Proprietary W3078N                    Page 1 of 1                    44551MU 07/19

Date: July 25, 2020
Loan Number: ███
Lender: U.S. BANK N.A.

Borrower(s): DANIEL ATKINS AND SARA ATKINS
Property Address: 145 ROCK GLEN RD, WYNNEWOOD, PA 19096

# NOTICE OF NO ORAL AGREEMENTS

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.

Receipt of Notice. The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_/s/ Daniel Atkins_____    Date: 7/31/2020
Borrower - DANIEL ATKINS

_/s/ Sara Atkins_____    Date: 7/31/2020
Borrower - SARA ATKINS

Notice of No Oral Agreements
Proprietary W3078N                Page 1 of 1                36852MU 11/19

Loan No.: ▬▬▬

Investor Loan No: ▬▬▬

# LOAN MODIFICATION AGREEMENT
## (Mortgage)

IF THE LOAN MODIFICATION AGREEMENT MUST BE RECORDED, TWO ORIGINAL LOAN MODIFICATION AGREEMENTS MUST BE EXECUTED BY THE BORROWER: ONE ORIGINAL IS TO BE FILED WITH THE NOTE AND ONE ORIGINAL IS TO BE RECORDED IN THE LAND RECORDS WHERE THE SECURITY INSTRUMENT IS RECORDED

This Loan Modification Agreement (the "Agreement"), made and effective this 25th day of July, 2020, between U.S. BANK N.A. ("Lender") and DANIEL ATKINS AND SARA ATKINS ("Borrower"), modifies and amends certain terms of Borrower's indebtedness evidenced by (1) the Note (the "Note") to Lender dated the 17th day of October, 2011, in the original principal sum of U.S. $281,800.00 and secured by (2) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") and Rider(s), if any, dated the same date as the Note and recorded on October 27, 2011 in Book or Liber 13172, at pages 01657 (or as Instrument No. 2011092127), of the Official Records [Name of Records] of Montgomery, PENNSYLVANIA [County and State, or other Jursisdiction]. The Security Instrument covers the real and personal property described in the Security Instrument and defined as the "Property", located at:

145 ROCK GLEN RD, WYNNEWOOD, PA 19096
*[Property Address]*

In consideration of the mutual promises and agreements exchanged, Lender and Borrower agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. **Current Balance.** As of July 1, 2020, the amount payable under the Note and Security Instrument (the "New Principal Balance") is U.S. $245,759.23. $0.00 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $245,759.23.

2. **Interest Rate.** The current interest rate remains unchanged. Borrower promises to pay the Interest Bearing Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of 6.100%, beginning July 1, 2020, both before and after any default described in the Note. The yearly rate of 6.100% will remain in effect until principal and interest is paid in full.

3. **Monthly Payments and Maturity Date.** Borrower promises to make monthly payments of principal and interest of U.S. $1,690.30, beginning on the 1st day of August, 2020, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on August 1, 2042, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification Agreement, the Borrower will pay these amounts in full on the Maturity Date.

4. **Place of Payment.** Borrower must make the monthly payments at 4801 FREDERICA ST.

Loan Modification Agreement—(FHLMC Deferment)                Form 5161 03/04
Page 1 of 3                                                   40029MU 07/19

OWENSBORO, KY 42301 or such other place as Lender may require.

5. **Partial Payments.** Borrower may make a full prepayment or partial prepayments without paying any prepayment charge. Lender will use the prepayments to reduce the amount of principal that Borrower owes under the Note. However, Lender may apply the prepayment to the accrued and unpaid interest on the prepayment amount before applying the prepayment to reduce the principal amount of the Note. If Borrower makes a partial prepayment, there will be no changes in the due dates or the amount of the monthly payments unless Lender agrees in writing to those changes.

6. **Property Transfer.** If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 of the Security Instrument, within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

7. **Compliance with Covenants.** Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

8. Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except where otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

In Witness Whereof, Lender and Borrower have executed this Agreement.

_____    Date: 7/31/2020
Borrower - DANIEL ATKINS

_____    Date: 7/31/2020
Borrower - SARA ATKINS

Loan Modification Agreement—(FHLMC Deferment)     Page 2 of 3     Form 5161 03/04
                                                                  40029MU 07/19

ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
U.S. BANK N.A.

By: _____Leona Hendrix_____
                                                -Lender

8/11/2020
Date of Lender's Signature

Leona A. Hendrix
Mortgage Document Officer

Loan Modification Agreement—(FHLMC Deferment)                Page 3 of 3                Form 5161 03/04
                                                                                        40029MU 07/19

Date: July 25, 2020
Loan Number: ▮▮▮▮▮▮▮▮▮

Lender: U.S. BANK N.A.
Borrower: DANIEL ATKINS AND SARA ATKINS
Property Address: 145 ROCK GLEN RD, WYNNEWOOD, PA 19096

# ERRORS AND OMISSION COMPLIANCE AGREEMENT

In consideration of. U.S. BANK N.A.

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period, will result in the lender adjusting the modified terms without the borrowers consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_/s/ Daniel Atkins_____    Date: 7/31/2020
Borrower - DANIEL ATKINS

_/s/ Sara Atkins_____    Date: 7/31/2020
Borrower - SARA ATKINS

---

Errors and Omission Compliance Agreements
Proprietary W3078N                          Page 1 of 1                          44551MU 07/19

Date: July 25, 2020
Loan Number: [REDACTED]
Lender: U.S. BANK N.A.

Borrower(s): DANIEL ATKINS AND SARA ATKINS
Property Address: 145 ROCK GLEN RD, WYNNEWOOD, PA 19096

## NOTICE OF NO ORAL AGREEMENTS

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.

Receipt of Notice. The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_/s/ Daniel Atkins_____ Date: 7/31/2020
Borrower - DANIEL ATKINS

_/s/ Sara Atkins_____ Date: 7/31/2020
Borrower - SARA ATKINS